# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD WAYNE MALLARD,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>  Defendant. | Case No.: 1:17-cv-01212 - JLT<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412<br><br>(Doc. 22) |

Stuart Barasch, attorney for Plaintiff Howard Wayne Mallard, seeks an award for fees pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 22) The Commissioner of Social Security does not oppose the motion. (Doc. 24)

Because the Administrative Law Judge's decision was contrary to established standards set forth by the Regulations and the Ninth Circuit, the decision and the Commissioner's defense thereof were not substantially justified. For the reasons set forth, Plaintiff's motion for attorney fees under the EAJA is **GRANTED** in the modified amount of **$3,135.27**.

**I.     Background**

In 2013, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act. (Doc. 10-6 at 2) The Social Security Administration denied Plaintiff's applications for benefits at the initial level and upon reconsideration. (*See generally* Doc. 10-4) Plaintiff requested an administrative hearing and testified before an ALJ on March 14, 2016. (Doc. 10-3

1

at 30, 38) The ALJ concluded Plaintiff was not disabled and issued an order denying benefits on April 14, 2016. (*Id.* at 23-31) The Appeals Council denied review of the decision on July 12, 2017 (*id.* at 2-4), and the ALJ's determination became the final decision of the Commissioner.

Plaintiff initiated the action before this Court on September 8, 2017, seeking judicial review of the ALJ's decision. (Doc. 1) The Court determined the ALJ failed to apply the correct legal standards in evaluating Plaintiff's subjective complaints and the medical record. (Doc. 20 at 9-16) The Court remanded the matter or further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on February 8, 2019. (*Id.* at 18)

Following the entry of judgment (Doc. 21), Plaintiff filed the motion for fees under the EAJA now pending before the Court. (Doc. 22) The Commissioner filed a statement of non-opposition to the motion on May 31, 2019. (Doc. 24)

## II.     Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended").

Where documentation of the expended time is inadequate, the court may reduce the requested

award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

### III. Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party. (Doc. 22)

#### A. Whether Defendant's position was substantially justified

The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). First, "the action or failure to act by the agency" must be substantially justified. *Id.* Second, the Commissioner's position taken in the civil action was substantially justified. *Id.* The inquiry into whether the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). Thus, both the ALJ's decision and the Commissioner's arguments to this Court in defense of the administrative decision must have been substantially justified. To find that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). However, the Commissioner not made any effort to demonstrate either the ALJ's decision or the Commissioner's defense of the position was substantially justified, and does not oppose the fee request.

The Court remanded Plaintiff's case because the ALJ failed to identify legally sufficient reasons

to reject the credibility of Plaintiff's subjective complaints and erred in reviewing the medical record. In particular, the Court found "the reasons for set forth by the ALJ for rejecting Plaintiff's credibility concerning the severity of his tremors cannot be upheld." (Doc. 20 at 14) In addition, the Court found the ALJ erred by rejecting all medical opinions related to Plaintiff's manipulative limitations and offered his own conclusions. (*Id.* at 15-16) Thus, the Court determined the residual functional capacity lacked the support of substantial evidence. (*Id.* at 16) When an ALJ's decision is not supported by substantial evidence, the Ninth Circuit determined that it followed "the government's underlying action was not substantially justified." *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). As in *Meier*, the government's position in defending the ALJ's flawed opinion was not substantially justified.

### B. Reasonableness of the Fees Requested

The Ninth Circuit determined courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1133-37 (9th Cir. 2012) ("we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court"). Instead, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Id.* at 1136, quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Nevertheless, the Court has an independent duty to review evidence of hours worked and tasks undertaken to determine the reasonableness of the fees requested for the case. *Hensley*, 461 U.S. at 433, 436-47.

Mr. Barasch reports that several attorneys with Olinsky Law Group worked on this action— including Mr. Barasch, Howard Olinsky, Edward Wicklund, Marisa Burkett, and Alyssa Van Auken— who expended 8.30 hours on the action. (Doc. 22 at 6, 14) In addition, Mr. Bararsh reports that a law clerk at the firm, Luis Breyer, spent 24.9 hours on the matter. (*Id.* at 6, 16) Further, 7.40 hours in billable tasks were completed by paralegals including Jonnah Graser, Kyrsten Gifford, Moira Deutch, Michelle Callahan, Vincent Wisehoon, Jennifer Overfield and Oscar Gomez. (*Id.* at 6, 18)

Tasks completed by individuals working on this action include reviewing the ALJ's decision and the administrative record that was approximately 650 pages long; drafting Plaintiff's confidential letter brief, opening brief, and reply brief; and preparing the request for EAJA fees now pending before

the Court. (*See* Doc. 22-3 at 11-12) The time sheets indicate the attorneys, law clerk, and paralegals at Olinsky Law Group spent a total of 40.6 billable hours on the matter. (*See id.*)

### 1. Duplicated tasks

The time sheets provided by counsel indicate several duplicated tasks due to the number of individuals who worked on the action. For example, Howard Olinksy reviewed documents for the purpose of assigning a writer, only to have the writer (in each instance, Luis Breyer) review the same documents. (*See* Doc. 22 at 11-12) After Mr. Breyer drafted the documents—including Plaintiff's letter brief, opening brief, and reply brief—each was reviewed by senior attorneys, who evidently made suggestions but did not actually edit the documents. Instead, the letter brief and opening brief were returned to Mr. Breyer to "[i]mplement suggested edits" and "finalize" the documents. (*Id.* at 11-12) The letter brief and opening brief were then submitted to Mr. Barasch, who also billed for reviewing and editing the documents. (*Id.* at 11-2) Likewise, after Mr. Breyer prepared the reply brief, it was reviewed and edited by Mr. Wicklund, who indicated he conducted a "[s]enior attorney review" and edited the document. (*Id.* at 12) Mr. Wicklund then sent the brief to Mr. Barasch to "review, edit, finalize and file" the reply brief. (*Id.*)

Given the clearly duplicative nature of the document review by attorneys on this action, the Court will deduct time related to the multiple reviews. *See Gibson v. City of Chicago*, 873 F.Supp.2d 975, 987 (N.D. Ill. 2012) (eliminating time entries for duplicative tasks). This includes 1.6 hours from Mr. Olinsky for the preliminary document reviews that were performed for the purpose of assigning the writer, who reviewed the same documents for purposes of addressing the merits. In addition, 0.5 hour is deducted for Mr. Breyer's time expended implementing edits after attorneys reviewed his work. Further, 0.5 hour is deducted from Mr. Barasch for his review of documents that were reviewed and edited by two other individuals at the firm. This results in a total deduction of 2.6 hours from the time billed by attorneys during 2018.

### 2. Clerical tasks

Supreme Court determined that "purely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). Although Plaintiff asserted "[c]lerical time is not included in [the] petition or has been

5

zeroed out" (Doc. 22 at 6), the Court's review of the timesheets provided indicates several entries containing only clerical work remain.

Time spent to file documents is routinely found to be clerical work that is non-compensable. *See L.H. v. Schwarzenegger,* 645 F. Supp. 2d 888, 899 (E.D. Cal. 2009) (finding organizing and updating files was clerical and declining to award fees where the applicant "tendered no evidence that these are tasks that required the skill of a paralegal"). In addition, courts in the Ninth Circuit have determined drafting and preparing documents related to service of process are clerical tasks and reduced the number of hours awarded as fees accordingly. *See, e.g., Kirk v. Berryhill* 244 F. Supp. 3d 1077, 1084 (E.D. Cal. 2017) ("drafting letters and preparing documents related to representation and service of process …. could have been completed by experienced support staff"); *Bailey v. Colvin*, 2013 WL 6887158, at *4 (D. Or. Dec. 31, 2013) (denying fees for "service of process" because "the Court may not award fees for clerical work even when the work is performed by attorneys").

Counsel's timesheets indicate Vincent Wisehoon spent 0.2 hour to mail a package to Plaintiff for signing, which was presumably related to representation as the packet was mailed following an attorney's review "to determine whether to appeal [the] case." (*See* Doc. 22 at 11, 18) In addition, the timesheets include 0.6 hour for service of process and 0.2 hour for preparing a proof of service by Michelle Callahan. (*Id.*) Due to the clerical nature of the document preparation and mailing, a total of 1.0 hour will be deducted from the time attributed to paralegals in this action.

3. Block-billing and overbilling

The time entries are presented in a "block" format, which bundles tasks in a block of time and "makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins.*, 480 F.3d 942, 948 (9th Cir. 2007) Accordingly, the Ninth Circuit explained that, where the attorney presents time expended in "blocks," the Court may "simply reduce[] the fee to a reasonable amount." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format"). This is particularly troublesome where, as here, entries include both compensable and clerical tasks. For example, entries from Mr. Olinski and Mr. Barasch to "calendar deadlines" on September 11, 2017 and October 6, 2017. (Doc. 22 at 11) Likewise, Mr. Gomez reports time to

"finalize[] *and file*" the motion now pending before the Court. (*Id.* at 11, 18)

Further, the Court's review of the time sheets provided causes serious concerns regarding overbilling for many tasks. For example, the Court cannot find it was reasonable for Mr. Olinski to bill 0.2 hour to review the summons issued on September 11, 2017. (*See* Doc. 5 at 1) Mr. Olinski also indicated it took 0.1 hour to review the Commissioner's consent to magistrate judge jurisdiction, which is a simple check-box form that would take mere moments to review. (*See* Doc 7) Similarly, it is unclear why referring the action "back to Referral Source" after the Court's remand order would take 0.3 hour. Given the block billing and overbilling that occurred[1], the Court exercises its discretion to reduce the remaining reported time by 10 percent. *See Moreno*, 534 F.3d at 1112 (a district court may "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion").

### 4. Hourly rates

Plaintiff's counsel requests "an hourly rate of $201.60 for attorney time in 2018," based upon the statutory maximum set by the Ninth Circuit (Doc. 22 at 5) However, counsel applied this hourly rate to all hours worked by counsel on the action to calculate their lodestar, including time in 2017. The statutory maximum set by the Ninth Circuit for work completed in 2017 was $196.79. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 24, 2019). Thus, the Court must apply different hourly rates for work completed in 2017 and work completed between 2018 and 2019.

Plaintiff also requests hourly rates of $150 for Luis Breyer, who was employed by the firm as a law clerk. (Doc. 22 at 5) However, Plaintiff fails to provide any information regarding Mr. Breyer, such as whether he was a law student or graduate seeking admission to the bar, or his level of experience. Given the lack of information, the Court will apply an hourly rate of $75 to the time reported by the law clerk who worked on this action. *See Roach v. Tate Publ'g & Enters.*, 2017 WL 5070264 at *11 (E.D. Cal. Nov. 2, 2017) (finding the hourly rate of $75 for a law clerk was appropriate where "there [was] no information provided about the law clerk").

---

[1] There are other examples, but the Court declines to expend its limited resources to identify each instance of overbilling.

7

Finally, Plaintiff seeks "$125.00 per hour for… paralegal time" on this action. (Doc. 22 at 6) In the Eastern District of California, the hourly rate for paralegals "ranges from $75 to $150, depending on experience." *Phillips 66 Co. v. Cal. Pride, Inc*., 2017 WL 2875736, at *15 (E.D. Cal. July 6, 2017). Although the requested rate is within the range approved by this district, Plaintiff's counsel again fails to provide any information regarding the levels of experience for the paralegals who worked on this action. Without such information, Plaintiff fails to show an hourly rate at the higher end of the spectrum is appropriate. Accordingly, the Court will apply the hourly rate of $75 to the work completed by paralegals at Olinsky Law Group. *See Levine v. Sleep Train, Inc*., 2016 WL 4368107 at *3 (observing that "[w]ith regard to paralegals, this court has previously found hourly rates of $75 to be reasonable in this market") (citations omitted).

5. Amount to be awarded

With the deductions set forth above, attorneys with Olinsky Law Group expended a total of 5.13 hours on compensable work in this action on behalf of Plaintiff, which includes 2.43 hours in 2017, 2.07 hours in 2018, and 0.63 hour in 2019. The law clerk expended a total of 22.41 compensable hours, and the paralegals worked a total of 5.76 compensable hours this action. The Court finds the total of 33.3 hours to be reasonable in light of the tasks performed by counsel and the professional staff, and the results achieved. Thus, Plaintiff is entitled to an award of **$3,135.27**.[2]

**C. Expenses**

Plaintiff seeks "the amount of $17.67 for reimbursement of the service of process expenses." (Doc. 22 at 1) Significantly, however, the Court granted Plaintiff's request to proceed *in forma pauperis* in this action and directed the U.S. Marshal "serve a copy of the complaint, summons, and this order upon the defendant." (Doc. 4 at 4) When a plaintiff proceeds *in forma pauperis* and the U.S. Marshal has been directed to complete service, the plaintiff may not recover expenses related to service. *DeArmon v. Colvin*, 2013 U.S. Dist. LEXIS 137858 at *5 (E.D. Cal. Sept. 25, 2013). Consequently, Plaintiff's request for expenses is **DENIED**.

///

---

[2] This amount includes $478.20 for the work completed by counsel in 2017; $544.32 for the work completed by counsel in 2018 and 2019; $1,680.75 for the work completed by the law clerk; and $432.00 for work completed by the paralegals.

8

|   |   |
|---|---|
| 1 | **D.     Assignment of the Fee Award** |
| 2 | Plaintiff requests that the EAJA fee award be made payable to counsel, pursuant to a fee |
| 3 | agreement.  (*See* Doc. 22 at 2) In *Astrue v. Ratliff*, 560 U.S. 586 (2010) the Supreme Court determined |
| 4 | that EAJA fees must be made payable to the "prevailing party."  As a result, the payment is subject to a |
| 5 | government offset to satisfy any pre-existing debt owed by a claimant.  *See id.*, 560 U.S. at 592-93. |
| 6 | Notably, under the Anti-Assignment Act, a claim against "the United States may not be |
| 7 | assigned to a third party unless [certain] technical requirements are met."  *United States v. Kim*, 806 |
| 8 | F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727. "[I]n modern practice, the obsolete language of the |
| 9 | Anti-Assignment Act means that the Government has the power to pick and choose which assignments |
| 10 | it will accept and which it will not." *Kim*, 806 F.3d at 1169-70.  In addition, the Anti-Assignment Act |
| 11 | "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Yesipovich* |
| 12 | *v. Colvin*, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015). |
| 13 | Because Plaintiff has assigned his rights to counsel, the EAJA fees should be made payable |
| 14 | directly to Plaintiff's counsel, subject to any government debt offset and the government's waiver of |
| 15 | the Anti-Assignment Act requirements.  *See Yesipovich*, 166 F.Supp at 1011; *see also Beal v. Colvin*, |
| 16 | 2016 WL 4761090 at*4 (N.D. Cal. Sept. 13, 2016) (holding where there was "no information on |
| 17 | whether plaintiff owes any debt to the government[,]… the EAJA fee shall be paid directly to |
| 18 | plaintiff's counsel, subject to any administrative offset due to outstanding federal debt and subject to |
| 19 | the government's waiver of the requirements under the Anti-Assignment Act").  If the government |
| 20 | chooses to not accept the assignment, payment shall be made to Plaintiff and mailed to his attorney. |
| 21 | **IV.     Conclusion and Order** |
| 22 | As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA |
| 23 | because the ALJ's decision and the Commissioner's position in defending it were not substantially |
| 24 | justified.  *See* 28 U.S.C. § 2412(d)(2)(H).  With the deductions set forth above, Olinsky Law Group |
| 25 | expended a total 33.3 hours on compensable work in this action, which is reasonable in light of the |
| 26 | tasks performed on Plaintiff's behalf and results achieved. |
| 27 | /// |
| 28 | /// |

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for attorney's fees (Doc. 22) is **GRANTED** in part, in the modified amount of **$3,135.27**;
2. Plaintiff's request for expenses is **DENIED**;
3. Defendant **SHALL** determine whether Plaintiff's EAJA attorney fees are subject to any offset and, if the fees are not subject to an offset, payment shall be made payable to Plaintiff. If the Government decides to accept the assignment of fees, payment shall be made payable to Counsel, Stuart Barasch; and
4. Payment **SHALL** be mailed to Plaintiff's counsel of record, Stuart Barasch.

IT IS SO ORDERED.

Dated: **June 5, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE